CABELL, J.
The first and main question is, Whether the evidence expected of Taylor as stated by the defendant, was material to his defence ? To decide this question, it is necessary to compare the evidence with the facts stated in the plea ; for when the defendants in an action of slander pleads justification, and the issue is made up, on the facts set forth in the plea, it is to those facts the evidence must relate. The substance of the plea is, that the plaintiff had purchased wheat on his own account, at 175 cents per bushel, and afterwards when the price had fallen, fraudulently delivered it to Moon or to Taylor, falsely representing that he had bought it as the agent of said Moon or Taylor, and requested Moon or Taylor to receive it, and to allow him as agent aforesaid, the same price of 175 cents per bushel. This plea would be supported by evidence, that the plaintiff, after having purchased the wheat on his owh account, had made the fraudulent delivery and false representations, stated in the plea, either to Moon or to Taylor. Did the defendant expect to prove by Taylor, that the plaintiff had made the fraudulent delivery and false representations to Moon, or did he expect to prove that he had made them to Taylor ? Not to Taylor, certainly ; for *his statement as to the evidence he expected to adduce, shews that he intended to prove that the plaintiff had imposed the wheat on Moon, as wheat purchased for Taylor ; and that he expected to prove this, not by Taylor, but by other witnesses. He did not pretend, that Taylor could prove the price originally given for the wheat, or that it was sent or delivered to him by the plaintiff, or that the plaintiff had made any representations to him on the subject. The testimony of Taylor, therefore, was not material; and, consequently, his absence afforded no ground for the continuance of the cause.
I do not think that the question as to the propriety or impropriety of compelling a party to disclose what he expects to prove on the trial, arises in this case ; for it does not appear that the defendant objected to being examined on the subject. I should not be disposed to encourage such a practice, except in cases where the judge may suspect, that the party is mistaken as to the materiality of the testimony, or that he is influenced by a desire to delay the trial unnecessarily. And as, on such occasions, the judge, before whom the motion for a continuance is made, has better opportunities of forming correct opinions as to the motives of the party, than this court can have, I think a considerable latitude of discretion ought to be left to the judges of the courts below, on this subject.
The other judges concurred.
Judgment affirmed.